UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

SIDNEY CAMPBELL,

                              Plaintiff,                     Case No.:

   -against-

                                                              **COMPLAINT**

CARNARSIE PLAZA LIQUOR WAREHOUSE CORP.

                              Defendant(s)
-------------------------------------------------------------------------X

      Plaintiff, SIDNEY CAMPBELL (hereinafter "Plaintiff"), by and through his attorneys McKinley Onua & Associates, complaining of the Defendant, CANARSIE PLAZA LIQUOR WAREHOUSE (hereinafter "Defendant"), respectfully shows and alleges:

## NATURE OF THE ACTION

1.   CANARSIE PLAZA LIQUOR WAREHOUSE (hereinafter "Defendant"), is a New York corporation with its principal place of business at 8925 Avenue D, Brooklyn, New York 11236. Sidney Campbell (hereinafter "Plaintiff") worked as a stock person for Defendant from 2011 until June 30, 2018. By this complaint, Plaintiff seeks redress for multiple violations of the Fair Labor Standards Act, 29 U.S.C. 201 *e se.,* and the New York Labor Law.

## JURISDICTION

2.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.   In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.   This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202.

## VENUE

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to the claims in the Complaint occurred within the Eastern District of New York.

## PARTIES

6. Plaintiff is a natural born person currently and at all relevant times residing in Kings County.

7. Defendant is a New York corporation and at all relevant times citizen of the State of New York with its principal place of business at 8925 Avenue D, Brooklyn, New York 11236.

## STATEMENT OF FACTS

8. Plaintiff brings this action to redress the oppressive and exploitive labor practices of Defendant. Defendant causes its employees to work for less than minimum wage and no overtime pay. The labor law violations are willful and intentional.

9. Furthermore, Plaintiff was discriminated against and unlawfully terminated on the basis of his age.

10. Defendant is a currently active corporation involved in the sale of liquor.

11. In 2011, Plaintiff, Sidney Campbell, was employed by Defendant, Carnarsie Plaza Liquor Warehouse Corp., as a stock person.

12. When Plaintiff was hired, he was fifty-four (54) years of age.

13. The initial agreed upon salary was $608.00 bi-weekly.

14. Plaintiff worked a total of one-hundred-and-forty (140) hours every two weeks.

15. Plaintiff worked twelve (12) days within every two-week period.

16. However, Plaintiff's pay was decreased.

17. The latest agreed upon pay rate amongst the parties was $508.00, bi-weekly.

18. From January 1, 2012 through June 30, 2018, Plaintiff was paid less than minimum wage required by law.

19. For the year 2014, when the minimum wage was $8.00/hour, Plaintiff is owed $832.00.

20. For the year 2015, when the minimum wage was $8.75/hour, Plaintiff is owed $2,392.00.

21. For the year 2016, when the minimum wage was $9.00/hour, Plaintiff is owed $3,632.00.

22. For the year 2017, when the minimum wage was $10.00/hour, Plaintiff is owed $7,082.00.

23. For the year 2018, when the minimum wage was $12.00/hour, Plaintiff was owed $5,876.00.

24. Accordingly, our calculations reflect that Defendant owes Plaintiff $19,814.00 in unpaid wages.

25. From January 1, 2012 through June 30, 2018, Plaintiff was not paid for overtime.

26. Plaintiff worked a regular schedule that consisted of 70 hours each week until July 2017.

27. After July 2017 Plaintiff's hours were reduced to 59 hours per week.

28. After deducting what Plaintiff was already paid, Plaintiff is entitled to overtime compensation in the amount of $124,818.75.

29. On or about June 30, 2018, Plaintiff was discharged by the supervisor.

30. At the time of discharge, Plaintiff was sixty-one (61) years of age.

31. Plaintiff was never given any notice prior to being discharged.

32. The only reason for discharge given to Plaintiff was the "the work was too hard".

33. Similarly situated individuals younger than the age of forty (40) remained employed by Defendant although they lacked the amount of experience Plaintiff had.

34. From January 1, 2012 to June 30, 2018 Plaintiff is owed a total of $143,897.25 in overtime and unpaid wages.

35. Upon being discharged Plaintiff made a request to his supervisor for the unpaid overtime wages.

36. Defendant never responded to any of Plaintiff's requests for overtime and unpaid wages.

37. Plaintiff never received any notices regarding his wages.

## CLAIM
### (Overtime Violations of Fair Labor Standards Act, 29 U.S.C. § 201 et seq.)

38. Plaintiff repeats and realleges all receding paragraphs as fully set forth herein.

39. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C § 206(a) and 207(a).

40. Defendant's employees handled, sold and otherwise worked on goods or materials that have been moved in or produced for commerce.

41. At all relevant times, Plaintiff was employed as stockperson for the liquor that was being sold within the meaning of 29 U.S.C. § 203(e) and 207(a).

42. Defendant failed to pay Plaintiff overtime wages to which he is entitled to under FLSA.

43. Because Defendant's violations of the FLSA was willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 225.

44. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, and liquidated damages, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 201 et seq.

**(Overtime Violations)**
**New York Labor Law Article 19 § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142**

45. Plaintiff repeats and realleges all receding paragraphs as fully set forth herein.

46. At all times relevant the Plaintiff was an employee within the meaning of New York Labor Law (hereinafter "N.Y.L.L.").

47. At all times relevant, the Defendant has been an employer of Plaintiff within the meaning of N.Y.L.L.

48. The Plaintiff is covered by the N.Y.L.L.

49. At all times mentioned, the relevant sections of the N.Y. L. L. § 650, were in full force and effect and where binding on the Defendant.

50. Defendants failed to pay the Plaintiff overtime wages to which he is entitled to under N.Y.L.L. Article 19 § 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. part 142.

51. Defendant failed to keep, make, preserve, and maintain accurate records of time worked by Plaintiff.

52. Defendant's violations of the N.Y.L.L. have been willful in that they have been a part of a scheme to evade the overtime provisions of the N.Y.L.L.

53. Due to Defendant's violations of the N.Y.L.L., the Plaintiff is entitled to recover from Defendant his unpaid overtime wages and liquidated damages, reasonable attorney's fees and costs of the action, and pre-judgment and post-judgment interest.

**(Wage Theft Prevention Act Wage Notice Violations, New York Labor Law § 195 & 198)**

54. Plaintiff repeats and realleges all receding paragraphs as fully set forth herein.

55. N.Y.L.L. § 195(1)(a), requires an employer to furnish to each employee "a notice containing the following information" the rate or rates of pay and basis thereof…in writing in English and in the language identified by each employee as the primary language of such employee."

56. The Defendant failed to provide the notice required by the N.Y.L.L. § 195(1)(a) to Plaintiff.

57. Due to Defendant's willful violation of the N.Y.L.L., Plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest and liquidated damages.

**(Wage Theft Prevention Act Wage Statement Violations, New York Labor law § 195)**

58. Plaintiff repeats and realleges all receding paragraphs as fully set forth herein.

59. N.Y.L.L. § 195, subdivision three, requires an employer to furnish to each employee "a statement with every payment of wages, listing the following: dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any claimed as part of the minimum wage; and net wages. For all employees who are no exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rates of pay; the overtime rates or rates of pay; the number of regular hours worked; and the number of overtime hours worked."

60. The Defendant failed to provide an adequate statement as required by New York Labor law § 195(3), in that that Defendant failed to provide any wage statements at all.

7

61. When Plaintiff demanded payment of wages, Plaintiff was met with no response.

62. Due to Defendant's violation of N.Y.L.L. § 195(3), Plaintiff is entitled to recover from Defendant an amount to be determined at trial.

### (Violation of N.Y.L.L. § 220)

63. Plaintiff repeats and realleges all receding paragraphs as fully set forth herein.

64. At all times relevant sections of the N.Y.L.L. § 220, were in full force and effect and were binding on the Defendant.

65. Defendant had a statutory duty to pay its employees at least $8.00 per hours worked at all times during the calendar year of 2014; $8.75 per hours worked at all times during the calendar year of 2015; $9.00 per hours worked at all times during the calendar year of 2016; $10.50 per hours worked at all times during the calendar year of 2017; and $12 per hours worked during the calendar year of 2018.

66. Pursuant to N.Y.L.L., Plaintiff is considered a non-exempt employee.

67. Defendant paid Plaintiff far less than this required amount.

68. Plaintiff was only paid by Defendant $608.00 bi-weekly for working 140 hours bi-weekly. That amounts to about $4.34 per hour, well under the statutory minimum wage requirements set forth within N.Y.L.L.

69. During the years of 2017 and 2018 Plaintiff was paid $508, bi-weekly and worked a total of 118 hours bi-weekly. This amounts to about $4.30 per hour, still well under the statutory minimum wage requirements set forth within N.Y.L.L.

70. Under N.Y.L.L, Defendant is liable to Plaintiff for the difference between the statutory amount and the amounts actually paid, plus interest in a sum to be determined according to proof.

71. As a result of its violation of the minimum wage and overtime laws, Defendant is liable to Plaintiff for damages in an amount equal to the unpaid wages plus interest to be determined according to proof.

72. Defendant's conduct as described above was willful, knowing, intentional, malicious, and oppressive.

73. Plaintiff has incurred and continues to incur legal expenses and attorney fees, which are recoverable by statute. Plaintiff is presently unaware of the precise amount of these expenses and fees and will amend this Complaint when the amounts are more fully known.

**(Violation of 12 NYCRR 142-2.2)**

74. Plaintiff repeats and realleges all receding paragraphs as fully set forth herein.

75. New York Executive Law § 296 provides that it is unlawful employment practice for an employer to refuse to hire or employ, or to discharge, reduce, suspend, dismiss, or demote, any individual over the age of forty (40) on the ground of age, except in cases where the law compels or provides for such action.

76. New York Executive Law § 296 also provides it is unlawful to retaliate against an employee for opposing age discrimination. As a further act of discrimination, Plaintiff was terminated in retaliation of his opposition to age discrimination in the Defendant's workplace.

77. Plaintiff was born on December 24, 1956 and at the time of his termination was of age sixty-one (61) years old.

78. Defendant is an employer under within the meaning of New York Executive Law § 296 and as such is prohibited from discriminating against its employees on the basis of age. Plaintiff complained of acts of discrimination during his employment. As a final act of discrimination,

Plaintiff was terminated in retaliation for his opposition to age discrimination in the Defendant's workplace.

79. On numerous occasions Defendant claimed that the work was "too hard" for Plaintiff to accomplish.

80. Plaintiff was constantly intimidated on the basis of his age.

81. On or about June 30, 2018, Plaintiff was discriminated against in his employment and discharged from his employment with Defendant on the basis of age.

82. At the time of Plaintiff's discharge, Defendant had no reasonable cause or justifiable cause to terminate Plaintiff. Plaintiff was discharged while younger, similarly situated employees, both under Plaintiff's age who had fewer skills, competence seniority, and qualifications than Plaintiff, were retained in Defendant's employ.

83. As a result of Defendants' unlawful discrimination against Plaintiff on the basis of age, Plaintiff has suffered and will continue to suffer substantia losses as follows:

    a. Loss of wages both future and past;

    b. Loss of earnings or earnings capacity;

    c. Loss of employment benefits both past and future;

    d. General damages of pain and suffering for loss of earnings, wages, salary, bonuses and other valuable employment benefits, and loss of future earnings, bonuses and other future benefits, in accordance with proof at the time of trial;

    e. Interest, and prejudgment interest pursuant to New York Executive Law § 296; and

    f. Additional economic loss and costs incurred by Plaintiff to establish his claim against Defendant in accordance with proof at the time of trial.

84. The Defendant's conduct was despicable, and the described acts were maliciously, fraudulently and oppressively engaged in with the wrongful intention of injury to the Plaintiff, with an improper and evil motive accounting to malice and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages in an amount according to proof.

**WHEREFORE**, Plaintiff requests a judgment for:
   (a) Recovery of all wages that Defendant unlawfully withheld from all members of the class during the time period of January 1, 2012 and June 30, 2018 and immediately preceding the filing of this Complaint and continuing to the date of judgment;
   (b) Damages to be determined at trial for Defendant's discriminatory practices against Plaintiff due to Plaintiff's age.
   (c) Compensatory damages, including unpaid and lost wages, unpaid expenses, other benefits of employment, consequential damages, economic damages, and other special and general damages according to proof;
   (d) Interest according to proof;
   (e) Restitution of all money wrongfully obtained/withheld by Defendant by means of their unlawful and unfair practices;
   (f) Attorney fees and expenses pursuant to applicable law;
   (g) Costs of suit; and
   (h) Such other and further relief as the Court deems just and proper.

Date: Brooklyn, New York
      December 17, 2019

BY: _____
Nnenna Onua
MCKINLEY ONUA & ASSOCIATES LLP
*Attorneys for Plaintiff Sidney Campbell*
26 Court Street, Suite 300,
Brooklyn, New York 11242
(718)522-0236 (*ph*)
(718)701-8309 (*f*)

11