**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------------X

SIDNEY CAMPBELL,

                              Plaintiff,

       -against-

CANARSIE PLAZA LIQUOR WAREHOUSE CORP.,

                             Defendant
-----------------------------------------------------------------------------X

Docket No.: **1:19-cv-07125** (ERK)(RER)

**THIRD AMENDED COMPLAINT**

  Plaintiff, SIDNEY CAMPBELL (hereinafter "Plaintiff"), by and through his attorneys McKinley Onua & Associates, complaining of the Defendant, CANARSIE PLAZA LIQUOR WAREHOUSE (hereinafter "Defendant"), respectfully shows and alleges:

### NATURE OF THE ACTION

1. Defendant is a New York corporation with its principal place of business located at 8925 Avenue D, Brooklyn, New York. Plaintiff worked as a stockperson for Defendant from April 2011 until June 30, 2018. Defendant required Plaintiff to work for less than the federal and state minimum wage and in excess of forty hours each week without overtime pay. Plaintiff was also discriminated against and unlawfully terminated based on his age. Plaintiff brings this action to redress these oppressive and exploitive labor practices. By this complaint, Plaintiff is seeking redress for multiple violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL), and for discrimination based on age under the New York State Human Rights Law (NYSHRL") and New York City Human Rights Law (NYCHRL).

## JURISDICTION

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202.

## VENUE

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. A substantial portion of the events or omissions giving rise to the claims in the Complaint occurred within the Eastern District of New York.

## PARTIES

6. Plaintiff is a natural born person currently and at all relevant times residing in Kings County, New York.

7. Defendant is a New York corporation and at all relevant times was incorporated in the State of New York with its principal place of business located at 8925 Avenue D, Brooklyn, New York.

## STATEMENT OF FACTS

8. During the first week of April 2011, Plaintiff, Sidney Campbell, was employed by Defendant, Canarsie Plaza Liquor Warehouse Corp., as a stockperson.

9. His primary responsibility was to stock liquor and other store items on display shelves.

10. At all relevant times, Defendant employed approximately eight employees, three of which were stockpersons including Plaintiff.

11. When Plaintiff was hired, he was fifty-four years of age with a fourth-grade education.

12. Upon hire, Plaintiff was not given any notices, including notices regarding wages, the basis of wages, or any company policies.

13. Plaintiff was hired by Leon[1], the proprietor of Defendant, who often complimented him for doing good work.

14. When Plaintiff commenced employment, the agreed upon salary was $608.00 biweekly for eighty hours of work, including a one-hour daily lunchbreak.

15. However, Plaintiff worked a total of 140 hours biweekly but was still only paid $608.00.

16. Plaintiff worked six days during each week while employed by Defendant.

17. On or about July 2017, Plaintiff's pay and hours were decreased to $508.00 biweekly for 118 hours.

18. While working for Defendant, Plaintiff was paid less than the federal and state minimum wage as required by law.

19. Under federal law, Plaintiff was owed a minimum weekly wage of $290.00 ($580.00 biweekly) for 40 hours of work throughout the duration of his employment.

20. Under New York City law, the minimum wage for employers with less than ten employees was as follows:

   i. 2011-2012 was $6.75 per hour
   ii. 2013 was $7.25 per hour
   iii. 2014 was $8.00 per hour
   iv. 2015 was $8.75 per hour
   v. 2016 was $10.50 per hour
   vi. 2017 was $12.00 per hour

---

[1] Plaintiff is unsure of Leon's surname.

      vii.   2018 was $13.50 per hour

21. Instead, Plaintiff earned $4.34 per hour or $608.00 for 140 hours of work.

22. In 2017, his salary was reduced to $4.31 per hour or $508 biweekly for 118 hours worked.

23. For example, for the two-week pay period from April 22, 2018 to May 5, 2019, Plaintiff worked Monday through Thursday from 10:00 A.M. to 9:00 P.M. and on Friday and Saturday from 10:00 A.M. to 11:00 P.M for both weeks.

24. His gross pay for these weeks was $508.00.

25. In addition, from April 2011 through June 30, 2018, Plaintiff was not paid an overtime rate for hours worked in excess of 40 hours weekly.

26. Plaintiff worked a regular schedule that consisted of 140 hours biweekly until July 2017, and 118 hours thereafter.

27. Under federal law, Plaintiff was entitled to his regular pay plus fifty percent or $10.88 for all time worked over 40 hours.

28. As such, he was entitled to $1,232.80 ($580 for regular pay ($7.25 x 80 hours) plus $652.80 ($10.88 x 60) for overtime pay) for all pay periods when he worked 140 hours, and $993.44 for the pay periods that he worked 118 hours ($580 + $413.44).

29. Using the same formula, under New York law, Plaintiff was entitled to the following:

    i. 2011-2012 at $6.75 per hour – ($6.75 x 80 = $540) plus ($10.13 x 60 = $607.80) totals $1,147.80
    ii. 2013 at $7.25 per hour – ($7.25 x 80 = $580) plus ($10.88 x 60 = $652.80) totals $1,232.80
    iii. 2014 at $8.00 per hour – ($8.00 x 80 = $640) plus ($12.00 x 60 = $720) totals $1,360.00
    iv. 2015 at $8.75 per hour – ($8.75 x 80 = $700) plus ($13.13 x 60 = $787.80) totals $1,487.80

v. 2016 at $10.50 per hour – ($10.50 x 80 = $840) plus ($15.75 x 60= $945) totals $1,785

vi. 2017 at $12.00 per hour ($12.00 x 80 = $960) plus ($18.00 x 38 = $684) totals $1,644

vii. 2018 at $13.50 per hour ($13.00 x 80 = $1,040) plus ($19.50 x 38 = $741) totals $1,781

30. After deducting what Plaintiff was already paid, Plaintiff is entitled to compensation of at least $124,818.75.

31. On or about June 30, 2018, Plaintiff was discharged without cause by his supervisor, Sammy, who was the owner's son that had taken over the store—the owner left Defendant to open a second liquor store.

32. At the time of discharge, Plaintiff was sixty-one (61) years of age.

33. Plaintiff was the oldest in age and most senior in longevity at Defendant.

34. Plaintiff was never given any notice or counseling prior to being discharged.

35. The only reason given by Sammy for Plaintiff's termination was that "the work was now too hard" and that Plaintiff was too old to work for a liquor store.

36. Sammy had advised Plaintiff to retire because of his age in the past and on numerous occasions told Plaintiff that he was too old to be working.

37. Plaintiff had no difficulty performing his job functions and at the time had no physical impairments.

38. Plaintiff was replaced by an individual named Ray who was in his early twenties and, upon information and belief, had less experience as a stockperson than Plaintiff.

39. Indeed, Plaintiff trained Ray during Plaintiff's last two weeks working for Defendant.

40. Similarly situated individuals younger than the age of forty remained employed by Defendant although they lacked the amount of experience Plaintiff had.

5

41. Upon being discharged, Plaintiff made a request to his supervisor for the unpaid minimum and overtime wages.

42. Defendant never responded to any of Plaintiff's requests for the appropriate wages.

## CLAIMS

**(Wage Violations of Fair Labor Standards Act, 29 U.S.C. § 201 et seq.)**

43. Plaintiff repeats and realleges all preceding paragraphs as fully set forth herein.

44. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C § 206(a) and 207(a).

45. Defendant had gross sales of over $500,000 for each year that Plaintiff was employed by Defendant.

46. In addition, upon information and belief, Defendant was a joint employer with the second liquor store.

47. All of Defendant's approximately eight employees, including Plaintiff, handled, sold, and otherwise worked on goods or materials that have been moved in or produced for commerce.

48. The ingredients used to create the alcoholic beverages sold by Defendant have been moved through interstate commerce.

49. The glass and plastic bottles used to store the liquor have been moved through interstate commerce.

50. The plastic bags used to package the liquor after sale have been moved through interstate commerce.

51. At all relevant times, Plaintiff was employed as a stockperson for the liquor that was being sold within the meaning of 29 U.S.C. § 203(e) and 207(a).

52. Accordingly, Plaintiff directly handled the bottles of alcohol which passed through commerce.

53. Defendant failed to pay Plaintiff minimum and overtime wages to which he was entitled under FLSA.

54. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 225.

55. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by being denied appropriate wages and is entitled to recovery of such amounts, along with liquidated damages, attorney's fees, costs, and other such compensation pursuant to 29 U.S.C. § 201 et seq.

**(Wage Violations)**
**New York Labor Law Article 19 § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142**

56. Plaintiff repeats and realleges all preceding paragraphs as fully set forth herein.

57. At all times relevant, the Plaintiff was an employee within the meaning of New York Labor Law.

58. At all relevant times, the Defendant has been an employer of Plaintiff within the meaning of N.Y.L.L.

59. The Plaintiff is covered by the statute.

60. At all times mentioned, the relevant sections of the N.Y. L. L. § 650, were in full force and effect and were binding on the Defendant.

61. Defendant failed to pay the Plaintiff minimum and overtime wages to which he was entitled under N.Y.L.L. Article 19 § 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. part 142.

62. Defendant failed to keep, make, preserve, and maintain accurate records of time worked by Plaintiff.

63. Defendant's violations have been willful in that they have been a part of a scheme to evade the minimum and overtime provisions of the N.Y.L.L.

64. Due to the Defendant's violations, Plaintiff is entitled to recover his misappropriated wages from Defendant along with liquidated damages, reasonable attorney's fees, costs of the action, and pre-judgment and post-judgment interest.

**(Wage Theft Prevention Act Wage Notice Violations, New York Labor Law § 195 & 198)**

65. Plaintiff repeats and realleges all preceding paragraphs as fully set forth herein.

66. N.Y.L.L. § 195(1)(a), requires an employer to furnish to each employee a notice containing "the rate or rates of pay and basis thereof…in writing in English and in the language identified by each employee as the primary language of such employee."

67. The Defendant failed to provide any such notice to the Plaintiff as required by the N.Y.L.L. § 195(1)(a).

68. Plaintiff is entitled to recover an amount prescribed by statute.

**(Wage Theft Prevention Act Wage Statement Violations, New York Labor law § 195)**

69. Plaintiff repeats and realleges all preceding paragraphs as fully set forth herein.

70. N.Y.L.L. § 195(3), requires an employer to furnish to each employee "a statement with every payment of wages, listing the following: dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, commission, or other; gross wages; deductions; allowances, if any claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York State law or regulation, the statement

shall include the regular hourly rates of pay; the overtime rates or rates of pay; the number of regular hours worked; and the number of overtime hours worked."

71. The Defendant failed to provide an adequate statement as required by New York Labor Law § 195(3), in that that Defendant failed to provide wage statements with the required data.

**(New York Executive Law § 296 and Title 8 of the New York City Administrative Code)**

72. Plaintiff repeats and realleges all preceding paragraphs as fully set forth herein.

73. New York Executive Law § 296 and Title 8 of the New York City Administrative Code provide that it is unlawful employment practice for an employer to refuse to hire or employ, or to discharge, reduce, suspend, dismiss, or demote, any individual over the age of eighteen based on age, except in cases where the law compels or provides for such action.

74. In addition, the state and city law also provide that it is unlawful to retaliate against an employee for opposing age discrimination.

75. Plaintiff was terminated because of his age and retaliated against for complaining of acts of discrimination.

76. On numerous occasions Defendant claimed that the work was "too hard" for Plaintiff to accomplish because of his age.

77. Sammy also told Plaintiff on more than one occasion that he needed to retire because he was too old to be working.

78. Plaintiff complained to Sammy that he was being discrimination against during his employment.

79. Plaintiff specifically complained to Sammy when his hours were reduced that he was being discriminated against because of his age.

9

80. Also, during the month Plaintiff was terminated, he complained to Sammy that it was unfair that he was being treated differently because he was older since he could still do the work.

81. At the time of Plaintiff's discharge, Defendant had no reasonable cause or justifiable cause to terminate Plaintiff.

82. Plaintiff was discharged while younger, similarly situated employees, both under Plaintiff's age who had fewer skills, competence, seniority, and qualifications than Plaintiff were retained in Defendant's employ.

83. As a result of Defendants' unlawful discrimination, Plaintiff has suffered and will continue to suffer substantial losses.

84. The Defendant's conduct was despicable, and the described acts were maliciously, fraudulently and oppressively engaged in with the wrongful intention of injury to the Plaintiff, with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages in an amount according to proof.

**WHEREFORE**, Plaintiff requests a judgment for:
   (a) Recover all wages that Defendant unlawfully withheld from Plaintiff during his employment with interest continuing to the date of judgment;
   (b) Damages to be determined at trial for Defendant's discriminatory practices against Plaintiff due to his age;
   (c) Compensatory damages, including unpaid and lost wages, unpaid expenses, other benefits of employment, and consequential damages;
   (d) Interest according to proof;
   (e) Punitive damages, if allowed by statute;
   (f) Attorney fees, cost and expenses pursuant to applicable law;
   (g) Such other and further relief that the Court deems just and proper.

Date: Brooklyn, New York                    BY:_____

August 27, 2021

Nnenna Onua
MCKINLEY ONUA & ASSOCIATES LLP
*Attorneys for Plaintiff Sidney Campbell*
26 Court Street, Suite 300,
Brooklyn, New York 11242
(718) 522-0236 (*ph*)
(718)701-8309 (*f*)