# HANG & ASSOCIATES, PLLC

ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

September 8, 2021

Ge Qu, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: rqu@hanglaw.com

**VIA ECF**

Hon. Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    **Campbell v. Canarsie Plaza Liquor Warehouse Corp.**
                Civil Docket No. 1:19-cv-07125-EK-RER

*Letter Brief Regarding Defendant's Intent to Renew Its Motion to Dismiss*
*Pursuant to Fed. R. Civ. P. 12*

Dear Judge Komitee:

      This office represents the Defendant Canarsie Plaza Liquor Warehouse Corp. ("Defendant" or "Canarsie") in the above-referenced matter. We write in response to the Court's Order dated August 18, 2021, directing Defendant to "indicate whether it will renew its motion to dismiss by letter, on or before September 8, 2021; that letter (which should not exceed five pages) may also respond to the new allegations contained in the SAC, if Defendant so chooses." Defendant respectfully states that it intends to renew its motion to dismiss and responds to the factual allegations in the Second Amended Complaint ("SAC") of Plaintiff Sidney Campbell ("Plaintiff") as follows[1].

---

[1] The SAC refers to Plaintiff's operative pleading filed on August 27, 2021 (Dkt. No. 27), which is captioned "Third Amended Pleading" by Plaintiff.

I.  **Plaintiff's Allegations in SAC Fail to Raise Above Speculative Level.**

Under both the FLSA and NYLL, an employer is required to pay an employee overtime compensation when said employee work in excess of forty hours per *workweek*. See 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 142-2.2; Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61, 78 (2d Cir. 2003) (holding that 29 U.S.C. § 207 is analogous to a claim under 12 N.Y.C.R.R. § 142-2.2). A workweek is defined as a fixed and regularly recurring period of 168 hours. See 29 C.F.R. § 778.105 A workweek needs not coincide with the calendar week but may begin on any day and at any hour of the day. Id. In other words, Plaintiff must allege that he worked over 40 hours in a 7-day period to state a claim for overtime under either statute. Accordingly, an employer does not violate the FLSA merely because, under a consistently-designated workweek, its employees earn fewer hours of overtime than they would if the workweek was more favorably aligned with their work schedules. Abshire v. Redland Energy Servs., LLC, 695 F.3d 792, 794 (8th Cir. 2012); accord Lopez v. Hollisco Owners' Corp., 147 F. Supp. 3d 71, 77 (E.D.N.Y. 2015).

Here, Plaintiff's allegations in the SAC are implausible and self-contradictory to support his overtime claims. Plaintiff alleges that he was paid either $608 or $508 biweekly for biweekly hours of 140 and 118 respectively. Without any details of Plaintiff's work schedule, it necessarily calls for speculation as to the number of workweeks during which Plaintiff worked overtime. Significantly, Plaintiff's alleges that he worked "118 hours thereafter" July 2017, SAC ¶26, while he also asserts the following:

> 23. For example, for the two-week pay period from April 22, 2018 to May 5, 2019, Plaintiff worked Monday through Thursday from 10:00 A.M. to 9:00 P.M. and on Friday and Saturday from 10:00 A.M. to 11:00 P.M for both weeks.
>
> SAC ¶23.

This paragraph indicates that Plaintiff worked 140 hours[2] during these two weeks referenced. In other words, Plaintiff's allegation in paragraph 23 contradicts paragraph 26, which provides that Plaintiff worked 118 hours after "July 2017." SAC ¶26. Therefore, the Court need not accept Plaintiffs' contradictory allegations regarding working hours as true because they are "conclusory, implausible, self-contradictory,"

---

[2] 11x4+13x2=70; 70x2=140

and fail to "raise a right of relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

## II. The Court Lacks Subject Matter Jurisdiction over NYSHRL and NYCHRL Claims.

Plaintiff maintains that the Court has subject matter jurisdiction over her state and local law age discrimination claims pursuant 28 U.S.C. §1367. SAC ¶2. Nonetheless, it is within this Court's discretion not to exercise supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims.

Here, supplemental jurisdiction is lacking because the factual underpinnings of Plaintiff's state and city law age discrimination claims are "wholly and significantly" different from those of her FLSA claims to be derived from a common nucleus of operative facts as required under 28 U.S.C. § 1367. See Callender v. Panabori Food Corp., No. 16cv7152 (PKC) (DF), 2018 U.S. Dist. LEXIS 122950, at *13 (S.D.N.Y. July 11, 2018). It is apparent that Plaintiff is using the FLSA as a jurisdictional hook for his state and local law age discrimination claims. On one hand, Plaintiff's wage claims are straightforward. Indeed, they are arithmetical to the point that Plaintiff detailed his calculations of the owed wages in the amount of $124,818.75. See SAC ¶¶29, 31.

On the other hand, the age discrimination claims would require the Court and jury to delve deep into the working environment at defendant liquor store: witness testimonies of alleged conversations referencing Plaintiff's age; whether Plaintiff states a claim under the McDonnell Douglas framework or that he could proceed with the Price Waterhouse analysis depending on whether the stray remarks are specific enough to rise to the level of direct evidence. Indeed, Plaintiff's allegation indicates that the reason given for his discharge is performance-related---work being "too hard" for Plaintiff. See SAC ¶35. Yet, he still concludes that "Plaintiff was too old to work for a liquor store" without specifying the time and circumstances of the remarks in question. Id.; also SAC ¶36. As such, the discovery process for Plaintiff's age claims will necessarily include discovery vastly different from that required of his FLSA claims. While the FLSA claims may be resolved through discovery of time and payroll records, Plaintiff's age discrimination claims involve a completely different set of evidence and records such as witness testimony pertaining to his work performance as well as the remarks in question, and statistical evidence of Defendant's employment practices in general, and the employment action in question, all of which unrelated to his FLSA claims. Therefore, supplemental jurisdiction is lacking because Plaintiff's state law claims involve "different rights, different interests, and different underlying facts" than

his FLSA wage claims. Figurowski v. Marbil Inv'rs, LLC, No. 14-CV-7034(JS)(GRB), 2015 U.S. Dist. LEXIS 85900, at *9 (E.D.N.Y. July 1, 2015).

### III. Plaintiff's Claims are Subject to Statute of Limitations.

Under the FLSA, Plaintiff may file a claim two years after the cause of action accrues or three years if the violation is willful. 29 U.S.C. § 255(a). Plaintiff concluded that Defendant's violation is willful without any supporting facts. See SAC ¶54. "[T]o prove a willful violation of the FLSA within the meaning of § 255(a), it must be established that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." Parada v. Banco Indus. De Venezuela, C.A., 753 F.3d 62, 71 (2d Cir. 2014). Plaintiff made no allegation whatsoever to support his contention that Defendant knew or should have known that its payroll practices violated the law and therefore the Court need not accept it as true. Conversely, Plaintiff's allegation indicated that Defendant offered Plaintiff compensation terms compliant with both statutes. In paragraph 14, Plaintiff alleges that "When Plaintiff commenced employment, the agreed upon salary was $608.00 biweekly for eighty hours of work, including a one-hour daily lunchbreak." This allegation, taken as true, indicates that Plaintiff was offered an hourly rate of $7.60, which was above the minimum wage rate of FLSA and NYLL in 2011, when the offer was made. Therefore, a two-year statute of limitation for Plaintiff's FLSA claims apply.

The statute of limitations under NYLL is six years. N.Y. Lab. Law § 663(3). Therefore, Plaintiffs' NYLL claims, including minimum wage, overtime, and wage notice and statements violations, are time-barred if accrued before December 19, 2013, six years prior to the filing date of the original complaint.

Respectfully Submitted,
By:  *s/Ge Qu*

Ge Qu, Esq

*Attorneys for Defendant*