

Attorneys at Law

September 24, 2021

**VIA ECF**
Hon. Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  **Re: Campbell v. Canarsie Plaza Liquor Warehouse Corp. Civil Docket No. 1:19-cv-07125-EK-RER**

  This office represents the Plaintiff, Sidney Campbell ("Plaintiff ") in the above-referenced matter. We write in response to the letter of Canarsie Plaza Liquor Warehouse, Corp. ("Defendant") requesting to file a motion to dismiss.

### I. Plaintiff's Allegations in Second Amended Complaint ("SAC") Are Viable Claims

  Under Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), an employer is required to pay an employee overtime pay when the employee works more than forty hours during the work week. *See* 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 142-2.2.

  Here, Plaintiff's complaint states that Plaintiff worked 140 hours biweekly until July 2017 and afterwards worked 118 hours biweekly. During the week of April 22 through May 5, 2018—weeks highlighted by Defendant—Plaintiff possibly worked 140 hours. This matter is a question of fact for a jury and is not "conclusory, implausible or self-contradictory." If an employee states that she works 40 hours per week, pointing out a week that she actually worked 35 hours as evidence of implausibility is disingenuous. At a minimum, Plaintiff, worked 118 hours biweekly and was still severally underpaid. Importantly, these questions can easily be resolved after discovery once Defendant produces time records.

  A court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *See, e.g.,* Warren v. Colvin, 744 F.3d 841, 843 (2d Cir.2014). To survive dismissal, enough facts must be pleaded "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Facial plausibility exists when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Twombly, 550 U.S. at 556).



Even if Plaintiff's claims were found to be inconsistent, the remaining hours that Plaintiff is asserting still raises above speculation, and Defendant would still be in violation of overtime laws under FLSA. Therefore, this claim is plausible and the FLSA claim is valid.

## II. The Court has Subject Matter Jurisdiction over NYSHRL and NYCHRL Claims

This Court has subject matter jurisdiction over Plaintiff's state and local age discrimination claims, pursuant 28 U.S.C. §1367. SAC ¶2. Federal courts may assert supplemental jurisdiction over state-law claims when the federal and state claims are based on a "common nucleus of operative fact" and it could be expected that the issues would all be tried in one judicial proceeding. (*See* Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988); also see 28 U.S.C. Section 1367).

There is a "common nucleus of operative facts" between the FLSA claim and the New York Wage and Hour Laws. *See* Treglia v. Town of Manlius, 313 F.3d 713, 723 (2d Cir. 2002) (exercise of supplemental jurisdiction was proper where plaintiff's state and federal claims arose "out of approximately the same set of events"). In this matter, Plaintiff is being taken advantaged of and mistreated because his age, including being underpaid. The wage claim is a subset of the discrimination.

In addition, the same witnesses who would be called to testify about Plaintiff's age discrimination would testify about the wage claim. Defendant's facilities are small and, upon information and belief, have fewer than 10 employees at the subject location. For example, the cashier whom Plaintiff believes heard overheard several discriminatory comments can also testify that Plaintiff worked 140 hours biweekly. The size of Defendant's facilities makes this overlap likely to exist throughout the case.

The complexity of age discrimination claims is immaterial and does not strip the federal court of jurisdiction. In *Treglia's,* the court stated that a state discrimination claim existing does not raise a novel or complex issue of state law, does not predominate over the federal retaliation claim over, and does not raise other compelling reasons for declining jurisdiction. A common nucleus of operative facts alone is enough to confer supplemental jurisdiction on the court.

This Court should also retain jurisdiction because expediency is warranted in this matter, Plaintiff is approximately 64 years old and in declining health. The federal court forum is more expeditious than state court, especially since this Court is already familiar with this matter.

## III. Plaintiff's Claims are not Subject to Statute of Limitations

The FLSA and the NYLL have different statutes of limitations. The FLSA statute of limitations is two years, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). "When a defendant defaults, the violation is considered 'willful' then the three-year statute of limitations



applies." Rodriguez v. Queens Convenience Deli Corp., No. 09-CV-1089 (KAM)(SMG), 2011 WL 4962397, at *2 (E.D.N.Y. Oct. 18, 2011) (citing Blue v. Finest Guard Servs., Inc., No. 09-CV-133 (ARR), 2010 WL 2927398 (E.D.N.Y. June 24, 2010)). Under the NYLL, the statute of limitations is six years. See NYLL §§ 198(3), 663(3).

In this matter, the FLSA statute of limitations is three years. Defendant cited the lawful wages to Plaintiff and then grossly violated these terms calls for an inference of willfulness. Moreover, willfulness is a question of fact for jury. Even if willfulness is not proven, Defendant admits that FLSA claims from 2013 are within statute of limitation under NYLL, which gives a plaintiff six (6) years from the time the complaint is filed. The complaint was filed in 2019. Therefore, Plaintiff has proffered viable claims not subject to dismissal.

Sincerely,

/s

Nnenna Onua, Esq.
McKinley Onua & Associates
26 Court Street, Ste. 300
Brooklyn, NY 11242
*Ph*: 718-522-0236
*Fax*:718-701-8309