# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

October 6, 2021

Ge Qu, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: rqu@hanglaw.com

**VIA ECF**
Hon. Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: **Campbell v. Canarsie Plaza Liquor Warehouse Corp.**
Civil Docket No. 1:19-cv-07125-EK-RER

*Reply Letter Brief In Further Support of Defendant's Renewed Motion to Dismiss Pursuant to Fed. R. Civ. P. 12*

Dear Judge Komitee:

This office represents the Defendant Canarsie Plaza Liquor Warehouse Corp. ("Defendant") in the above-referenced matter. We write in reply to the letter submitted by Plaintiff Sidney Campbell ("Plaintiff") in opposition to Defendant' renewed motion to dismiss the Second Amended Complaint ("SAC") pursuant to Rule 12. By Order dated August 18, 2021, this Court directs that Defendant "may respond to this submission, if it chooses, in a letter of three pages or less, on or before October 6, 2021." Accordingly, Defendant respectfully replies to Plaintiff's letter as follows[1].

---

[1] The SAC refers to Plaintiff's operative pleading filed on August 27, 2021 (Dkt. No. 27), which is captioned "Third Amended Pleading" by Plaintiff.

**I. This Court Need Not Accept as True Inconsistent Allegations in the SAC.**

It is axiomatic that Rule 8 of the Federal Rules of Civil Procedure allows Plaintiff to plead alternative theories of recovery but does not give Plaintiff "license to plead inconsistent assertions of fact." In re Livent, Inc. Noteholders Sec. Litig., 151 F. Supp. 2d 371, 407 (S.D.N.Y. 2001). Indeed, this Court is not obligated to accept as true conflicting pleadings that are contradicted by statements in the complaint itself. See Rieger v. Drabinsky (In re Livent Noteholders Sec. Litig.), 151 F. Supp. 2d 371, 405-06 (S.D.N.Y. 2001). Accordingly, this Court needs not accept as true Plaintiff's allegations in the SAC regarding his work hours because of the apparent inconsistency. Therefore, Plaintiff has failed to plead plausible claims for overtime compensation and said claims must be dismissed.

Furthermore, Plaintiff attempts to shore up his deficient complaint by alleging, in a conclusory fashion, that Defendant "had gross sales of over $500,000 for each year that Plaintiff was employed by Defendant." SAC ¶45. This allegation is apparently fabricated or unfounded speculation. Significantly, the same allegation was ostensibly absent in the previous two versions of the complaint filed in this matter. See generally Complaint (Dkt. No.1); FAC (Dkt. No. 15). The ready inference is either Plaintiff lacks personal knowledge of Defendant's gross revenue or that Plaintiff failed to comply with his Rule 11 duties to conduct a reasonable inquiry into the facts of his claims. Either scenario suggests that Plaintiff's making this allegation in the SAC is more an attempt to cure his otherwise deficient pleading than a result of a responsible inquiry into the facts. More significantly, Plaintiff fails to specify whether his allegations relating to Defendant's gross revenue is based on his personal knowledge or made pursuant to information or belief. Indeed, it is incredible that Plaintiff, a self-described "stockperson," could obtain such sensitive financial information without any supporting facts. If such allegation is made upon information and belief, Plaintiff's pleading is still deficient because such allegations must be "accompanied by a statement of the facts upon which the belief is founded." Haggood v. Rubin & Rothman, LLC, No. 14-cv-341(SJF)(AKT), 2014 U.S. Dist. LEXIS 161674, at *30 (E.D.N.Y. Nov. 17, 2014). Therefore, the Court need not accept this allegation concerning Defendant's gross revenue as true because it is clearly fabricated and inconsistent with the two previous pleadings. See Mumin v. Uber Techs., Inc., 239 F. Supp. 3d 507, 533 n.15 (E.D.N.Y. 2017) (holding that the Court has discretion to disregard inconsistent allegations in successive complaints where the court has reason to believe the later allegations are fabricated).

## II. The Court Lacks Subject Matter Jurisdiction over NYSHRL and NYCHRL Claims as the Case of Treglia v. Town of Manlius is Distinguishable.

In his letter, Plaintiff cites Treglia v. Town of Manlius, 313 F.3d 713, 723 (2d Cir. 2002), for the proposition that Plaintiff's age discrimination claims share a common nucleus of operative facts with his FLSA wage claims. Plaintiff's position is untenable. In Treglia, the Second Circuit held that the exercise of supplemental jurisdiction is proper because "Treglia's state discrimination claim arises out of approximately the same set of events as his federal retaliation claim" under the Americans with Disabilities Act ("ADA"), 313 F.3d at 723. In other words, the Second Circuit held that a District Court's exercise of supplemental jurisdiction over a plaintiff's state law employment discrimination claims arising under New York State Human Rights Law is proper when said plaintiff also asserts a *federal* cause of action of retaliation under ADA.

Conversely, Plaintiff in the instant case asserts no discrimination or retaliation claims under federal law. Rather, Plaintiff attempts to sweep his state law age discrimination claims under the proverbial rug of his FLSA wage claims. Therefore, Plaintiff's reliance on Treglia is misplaced.

Moreover, it is settled law that supplement jurisdiction does not exist when the only possible "common nucleus of operative fact" alleged between the state and federal claims is the existence of a common employment relationship. See Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 468 (S.D.N.Y. 2008). This is the case here. Other than the employment relationship, Plaintiff's age discrimination claims are entirely unrelated to his FLSA minimum wage or overtime claim.

Wherefore, Defendant respectfully requests that Plaintiff's SAC be dismissed in the entirety; alternatively, Plaintiff's discrimination claims under NYSHRL and NYCHRL be dismissed for want of jurisdiction; along with such and other relief the Court deems just and proper.

Respectfully Submitted,
By: _s/Ge Qu_

Ge Qu, Esq.

*Attorneys for Defendant*