UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 19-CV-7125 (EK) (RER)

———————————

CAMPBELL,

Plaintiff,

VERSUS

CANARSIE PLAZA LIQUOR WAREHOUSE CORP.,

Defendant.

———————————

**REPORT & RECOMMENDATION**

July 28, 2022

———————————

TO THE HONORABLE ERIC R. KOMITEE
UNITED STATES DISTRICT JUDGE

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff Sidney Campbell ("Plaintiff" or "Campbell") commenced this action on December 19, 2019, against Canarsie Plaza Liquor Warehouse ("Defendant"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and the New York Labor Law §§ 190 and 650 *et seq*. ("NYLL"), as well as age discrimination in violation of the New York State Human Rights Law ("NYCHRL"), N.Y. Exec. Law § 296. (ECF No. 1 ("Compl.")); and later added claims under the York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8. **(**ECF No. 15). Currently before the Court is Defendant's motion to dismiss the Second Amended Complaint (ECF No. 28 ("Def.'s Renewed Mot.")), which Your Honor has referred to me for a report and recommendation (ECF Order dated 04/09/2022).

1

After carefully reviewing the record, and for the reasons set forth herein, I respectfully recommend that the Court grant Defendant's motion to dismiss Plaintiff's NYSHRL and NYCHRL claims for lack of subject-matter jurisdiction and dismiss Plaintiff's wage-notice violation claim under the NYLL, but deny Defendant's motion as to all other claims.

## BACKGROUND

I. Factual Allegations

Defendant is a New York corporation that operates a liquor store at 8925 Avenue D, in Brooklyn, New York. (ECF No. 27[1] ("SAC") ¶ 1). The liquor store is engaged in commerce, had gross sales of over $500,000 during each year relevant to this action, and all employees "handled, sold, and otherwise worked on goods or materials that have been moved in or produced for commerce." (*Id.* ¶¶ 43–52).

Plaintiff is a resident of Kings County, New York, who worked at the Defendant liquor store as a stockperson from the first week of April 2011 until June 30, 2018. (*Id.* ¶¶ 1, 6, 8, 31). Plaintiff was one of three stockpersons employed by Defendant, out of eight total employees, and his work primarily included stocking liquor bottles and other items on shelves in the store. (*Id.* ¶¶ 9–10). Plaintiff was often praised for his work by Leon, the proprietor of the store, who hired him. (*Id.* ¶ 13).

Plaintiff was not given any wage notices or statements upon hiring, and Defendant did not keep accurate records of the hours Plaintiff worked. (*Id.* ¶¶ 12, 62, 66–67, 70–71). At the start of his employment, Plaintiff's "agreed upon salary" was $608 biweekly for eighty hours of work, with a daily one-hour lunch break included. (*Id.* ¶ 14). During that time, Plaintiff worked a regular

---

[1] While Plaintiff has labeled this document "Third Amended Complaint" it is the second Amended Complaint and will be referred to as the Second Amended Complaint or "SAC."

schedule of six days per week, totaling 140 hours every two weeks, but was paid only $608 biweekly. (*Id.* ¶¶ 15–16, 26). Sometime around July 2017, Plaintiff's biweekly wages were decreased to $508 for 118 hours of work every two weeks. (*Id.* ¶ 17). These payments amounted to less than the minimum wage at the time. (*Id.* ¶¶ 18–22, 53). Plaintiff was not paid overtime wages when he worked more than forty hours in a week at any time during his employment. (*Id.* ¶¶ 25, 53). According to Plaintiff, Defendant's failure to pay minimum and overtime wages was willful and "part of a scheme to evade the minimum and overtime provisions" under the law. (*Id.* ¶¶ 54, 63).

On June 30, 2018, Plaintiff was fired from his job "without cause" by a supervisor named Sammy, who was Leon's son and who had taken over the store's management. (*Id.* ¶ 31). When Plaintiff was hired, he was fifty-four years old and had a fourth-grade education. (*Id.* ¶ 11). At the time he was fired, Plaintiff was sixty-one years old and was the oldest employee working at the store. (*Id.* ¶¶ 32-33). He was "never given any notice or counselling prior to being discharged" and "the only reason given by Sammy for Plaintiff's termination was that 'the work was now too hard' and that Plaintiff was too old to work for a liquor store." (*Id.* ¶¶ 34–35, 76). Plaintiff did not have any difficulty performing the functions of his job and had no physical impairments, but despite this, "Sammy had advised Plaintiff to retire because of his age in the past and on numerous occasions told Plaintiff that he was too old to be working." (*Id.* ¶¶ 36–37). When Plaintiff was fired, younger stockpersons were kept on staff despite having less work experience than Plaintiff. (*Id.* ¶¶ 40, 82). Plaintiff was replaced by a man in his twenties named Ray, who Plaintiff believes was less experienced than him. (*Id.* ¶ 38). Plaintiff believes he was terminated because of his age, and that he was retaliated against for complaining about the age discrimination he faced from Sammy. (*Id.* ¶¶ 75–80). Plaintiff does not know of any other cause, besides his age, that led to his

3

termination, and believes that his termination was motivated by malice. (*Id.* ¶¶ 81, 84). Upon being fired, "Plaintiff made a request to his supervisor for the unpaid minimum and overtime wages" but his supervisors did not respond to the request. (*Id.* ¶¶ 41–42).

II. Procedural History

Plaintiff commenced this action on December 19, 2019. (Compl.). After requesting and being granted several extensions of time to answer (ECF Nos. 8, 10; ECF Orders dated 3/10/2020, 4/09/2020), Defendant requested a premotion conference in anticipation of moving to dismiss the Complaint. (ECF No. 12). Following a conference, Plaintiff was permitted to amend his complaint. (Minute Entry dated 7/20/2020; ECF No. 15). Defendant then moved to dismiss that amended complaint, arguing that (1) Plaintiff failed to state a claim under the FLSA by not arguing enterprise or individual FLSA coverage; (2) due to this defect, the Court need not exercise supplemental jurisdiction over any of Plaintiff's state and local law claims; (3) Plaintiff failed to state a claim for a wage-notice violation under the NYLL; (4) Plaintiff's failed to state a claim under NYLL Section 220; (5) Plaintiff failed to state a claim under the NYSHRL; (6) Plaintiff failed to state a claim under the NYCHRL; and (7) Plaintiff failed to state a claim for retaliation under the NYSHRL and NYCHRL. (ECF No. 16 ("Def.'s Mot."); ECF No. 17 ("Def.'s Mem.")). Plaintiff once again requested leave to amend his complaint (ECF No. 24), which Your Honor granted, and in so doing ordered Defendant to notify the Court if it wanted to renew its motion to dismiss. (ECF Order dated 8/18/2021). Plaintiff then amended his complaint a second time (ECF No. 27). Defendant subsequently renewed its motion to dismiss via a letter, arguing only three points: (1) Plaintiff's FLSA and NYLL overtime claims fail to rise above the speculative level; (2) the Court lacks subject-matter jurisdiction over Plaintiff's NYSHRL and NYCHRL claims; and (3) Plaintiff's FLSA claims are "subject to statute of limitations[.]" (Def.'s Renewed Mot. at 2–4).

4

Your Honor then referred Defendant's renewed motion to me for a report and recommendation. (ECF Order dated 4/09/2022).

## DISCUSSION

In its motions to dismiss, Defendant asks the Court to dismiss Plaintiff's Amended Complaint and Second Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the federal Rules of Civil Procedure. (Def.'s Mem. at 1; Def.'s Renewed Mot.). As discussed below, I respectfully recommend that the Court grant Defendant's motion to dismiss Plaintiff's NYSHRL and NYCHRL claims for lack of subject-matter jurisdiction and dismiss Plaintiff's wage-notice violation claim under the NYLL, but deny Defendant's motions as to all other claims.

I. Legal Standard for Motion to Dismiss

In deciding a motion to dismiss, the Court must accept as true all factual allegations in the complaint and draw "all reasonable inferences in favor of the plaintiff." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013). Nonetheless, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*, (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007))). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and a complaint must contain more than "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, at 679. Still, "where the well-pleaded facts do not permit the court to infer more than

5

the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. Rule Civ. Proc. 8(a)(2)).

II. <u>Plaintiff States Plausible FLSA and NYLL Overtime Claims</u>

In its renewed motion, Defendant argues that Plaintiff's FLSA and NYLL overtime claims should be dismissed for being too speculative. (Def.'s Renewed Mot. at 2). Defendant argues that Plaintiff's allegations are "implausible and self-contradictory" and therefore do not support his overtime claims, specifically because of a contradiction in the Second Amended Complaint related to the hours worked during a certain period. (Def.'s Renewed Mot. at 2). The allegation at issue states: "For example, for the two-week pay period from April 22, 2018 to May 5, 2019, Plaintiff worked Monday through Thursday from 10:00 A.M. to 9:00 P.M. and on Friday and Saturday from 10:00 A.M. to 11:00 P.M for both weeks." (SAC ¶ 23). This allegation clearly contains contradictions and obvious mistakes. However, Plaintiff argues that even if this one specific allegation is inconsistent, "the remaining hours that Plaintiff is asserting still raises above speculation" and give rise to a plausible FLSA claim. For the reasons set forth below, I agree with Plaintiff, and I respectfully recommend denying Defendant's motion to dismiss Plaintiff's FLSA and NYLL overtime claims.

In order to state a claim under the FLSA, a plaintiff must show that (1) they were a nonexempt employee to whom the FLSA applies; (2) their employer was a qualifying employer under the FLSA; and (3) they were inadequately compensated. *Nikolaeva v. Home Attendant Servs. of Hyde Park*, No. 15-CV-6977 (NGG) (RER), 2017 WL 3491964, at *2 (E.D.N.Y. July 19, 2017), *adopted by* 2017 WL 3493136 (Aug. 14, 2017). Plaintiff has done so here. The FLSA covers (1) "employees who in any workweek [are] engaged in commerce or in the production of goods for commerce;" and (2) employees who are "employed in an enterprise engaged in commerce or in

6

the production of goods for commerce." 29 U.S.C. § 207(a)(1). This includes stockpersons in shops, such as Plaintiff. *See Rodriguez v. Queens Convenience Deli Corp.*, No. 09-CV-1089 (KAM) (SMG), 2011 WL 4962397, at *1 (E.D.N.Y. Oct. 18, 2011).

An employer is subject to the FLSA if the plaintiff employee is either "(1) 'engaged in commerce or in the production of goods for commerce,' (individual coverage)," or (2) employed in an "enterprise engaged in commerce or in the production of goods for commerce" whose "annual gross volume of sales made or business done is not less than $500,000" (enterprise coverage). 29 U.S.C. §§ 203(s)(1)(A)(i)-(ii), 206(a) and § 207(a)(1)); *Lopez v. 1923 Sneaker, Inc.*, No. 18-CV-3828 (WFK) (RER), 2021 WL 1845057 at *3 (E.D.N.Y. Mar. 5, 2021) (quoting *Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F. Supp. 3d 337, 342 (E.D.N.Y. 2014)) *adopted by* 2021 WL 1259623 (Apr. 6, 2021); *Kantor v. Air Atl. Med., P.C.*, No. 19-CV-03597 (EK) (ST), 2021 WL 3888067, at *5 (E.D.N.Y. July 7, 2021), *adopted by* 2021 WL 3884193 (Aug. 31, 2021). Here, Plaintiff argues that Defendant had gross sales of over $500,000 during each year relevant to this action, and that the people employed as stockpersons all "handled, sold, and otherwise worked on goods or materials that have been moved in or produced for commerce." (SAC ¶¶ 43–52). Plaintiff gives numerous specific examples of the items he handled that were part of interstate commerce. (I*d.* ¶¶ 47–52). Thus, Plaintiff has made a plausible claim that enterprise coverage applies, and Defendant is an employer within the meaning of the FLSA. *See Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *4 (E.D.N.Y. Sept. 1, 2015), *adopted by* 2015 WL 5561180 (Sept. 21, 2015) (applying FLSA enterprise coverage to a local market when plaintiffs alleged, upon information and belief, that defendants had a gross volume of sales of more than $500,000, and employees handled items in interstate commerce because "[i]t

is logical to infer that a supermarket's products and produce would have originated outside of New York.").

Plaintiff has also plausibly argued that he was inadequately compensated, alleging that he often worked 140 or 118 hours every two-week period, and was paid $608 or $508 biweekly, amounting to far less than the minimum wage for his work, and that he was not paid additional overtime wages when he worked more than 40 hours in a week. (SAC ¶¶ 15, 17–22, 24–26). Though Defendant argues Plaintiff's allegations are not specific enough, they include specific details about his hours and rate of pay, and are above the threshold of what is required to survive a motion to dismiss in the Second Circuit. *See Leon v. Port Washington Union Free Sch. Dist.*, 49 F. Supp. 3d 353, 357 (E.D.N.Y. 2014) (collecting cases to show that "various district courts have denied motions to dismiss where the plaintiff sufficiently alleges that they regularly worked forty hours per week, and are uncompensated for specified overtime worked performed beyond that"); *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 457 (E.D.N.Y. 2014) (denying a motion to dismiss an FLSA claim and distinguishing it from Second Circuit cases that granted motions to dismiss when the plaintiff provided "detailed, nonconclusory factual allegations that, if true, would state a violation of the FLSA overtime requirements" including details of the number of hours they worked beyond forty hours in a week and the amount they were compensated); *Perry v. City of New York*, No. 13 Civ. 1015 (JMF), 2013 WL 6641893, at *3 (S.D.N.Y. Dec. 17, 2013) (denying a motion to dismiss because the "arithmetic in this case, by contrast, does support a plausible claim for overtime" when plaintiffs sufficiently alleged that they worked more than forty hours in some weeks by providing the number of hours worked).

At this stage, making all inferences in Plaintiff's favor, these allegations constitute a plausible claim for relief on Plaintiff's FLSA claims. As such, I respectfully recommend denying

Defendant's motion to dismiss Plaintiff's FLSA claims. In addition, "[b]ecause the plausibility standard for NYLL overtime claims is the same as for FLSA claims," *Di Simone v. CN Plumbing, Inc.*, No. 13-CV-5088 (JG), 2014 WL 1281728, at *4 (E.D.N.Y. Mar. 31, 2014), these claims also satisfy the NYLL standards, and I respectfully recommend denying Defendant's motion to dismiss his NYLL overtime claims as well.

III. <u>Plaintiff's State and City Discrimination Claims Should be Dismissed for Lack of Subject-Matter Jurisdiction</u>

In its renewed motion, Defendant argues that Plaintiff's NYSHRL and NYCHRL claims should be dismissed, arguing that "supplemental jurisdiction is lacking because the factual underpinnings of Plaintiff's state and city law age discrimination claims are 'wholly and significantly' different from those of her [sic] FLSA claims to be derived from a common nucleus of operative facts as required under 28 U.S.C. § 1367." (Def.'s Renewed Mot. at 3 (quoting *Callender v. Panabori Food Corp.*, No. 16 Civ. 7152 (PKC) (DF), 2018 WL 4565876, at *5 (S.D.N.Y. July 11, 2018), *adopted by* 2018 WL 3728931 (Aug. 6, 2018))). Plaintiff argues that the Court should extend jurisdiction to his NYSHRL and NYCHRL claims because "[t]here is a 'common nucleus of operative facts' between the FLSA claim and the New York Wage and Hour Laws[,]" relying on *Treglia v. Town of Manlius*, 313 F.3d 713 (2d Cir. 2002). (ECF No. 29 ("Pl.'s Renewed Opp'n") at 2).

Under 28 U.S.C. Section 1367, federal district courts are empowered to exercise supplemental jurisdiction over state law claims that "form part of the same case or controversy" as the asserted federal claims that confer subject matter jurisdiction. *See* 28 U.S.C. § 1367(a). To be considered part of the same case or controversy, "the federal claim and state claim must stem from the same 'common nucleus of operative fact'; in other words, they must be such that the plaintiff 'would

9

ordinarily be expected to try them all in one judicial proceeding.'" *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 332 (2d Cir. 2011) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). In determining whether two disputes arise from a "common nucleus of operative fact," the Second Circuit has "traditionally asked whether the facts underlying the federal and state claims substantially overlapped ... [or] the federal claim necessarily brought the facts underlying the state claim before the court." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (alterations original, internal quotations and citations omitted).

Here, Plaintiff argues that the facts overlap because "Plaintiff is being taken advantaged of and mistreated because his age, including being underpaid" and argues that "[t]he wage claim is a subset of the discrimination." (Pl.'s Renewed Opp'n at 2). However, Plaintiff does not bring any federal discrimination claims, and federal jurisdiction is based solely on his FLSA claims.

Plaintiff's FLSA claims involve facts regarding how much Plaintiff was paid and what hours he worked, while the discrimination claims involve separate and additional facts about the way Plaintiff was treated for his age and the circumstances that led to his termination. "Where, as here, a plaintiff's FLSA claim constitutes the sole predicate for original subject matter jurisdiction, district courts in this Circuit routinely dismiss, on jurisdictional grounds, state and local discrimination and retaliation claims, as insufficiently related to the FLSA claim." *Brito v. ATA Freight Line, Ltd.*, No. 20-CV-3132 (EK), 2021 WL 7830146, at *4 (E.D.N.Y. Aug. 24, 2021) (collecting cases); *see also Hernandez v. Mauzone Home Kosher Prod. of Queens, Inc.*, No. 12-CV-2327 (SJ) (JMA), 2013 WL 5460196, at *2 (E.D.N.Y. Sept. 30, 2013) (dismissing a plaintiff's age discrimination claims under NYHRL and NYCHRL because the underlying facts supporting them did not substantially overlap with her FLSA claims); *Figurowski v. Marbil Invs., LLC*, No. 14-CV-7034 (JS) (GRB), 2015 WL 4000500, at *3 (E.D.N.Y. July 1, 2015) ("Several courts

10

addressing similar situations have held that the employment relationship itself is insufficient to create a 'common nucleus of operative fact' between an FLSA claim and a state law, non-wage claim."); *Hahn v. Rocky Mountain Exp. Corp.*, No. 11 Civ. 8512 (LTS) (GWG), 2012 WL 2930220, at *1 (S.D.N.Y. July 16, 2012) (declining to extend subject matter jurisdiction to state and city discrimination claims where, as here, the "only overlap between Plaintiff's wage claims and his age discrimination claim is the fact that both arose in connection with his employment" and "Defendant's alleged failure to pay overtime and allegedly age-motivated termination of Plaintiff are, otherwise, entirely separate cases and controversies."). Further, *Treglia*, the sole case Plaintiff cites to support his position, is distinguishable. *See Jenkins v. Yellowstone Properties, Inc.*, No. 17 Civ. 7764 (VEC), 2019 WL 4392955, at *2 (S.D.N.Y. Sept. 12, 2019) (finding that the Court lacked supplemental jurisdiction over state discrimination claims brought in connection with an FLSA claim and distinguishing *Treglia* because in that case "the court had supplemental jurisdiction over the plaintiff's state disability-discrimination claim because it arose from the same facts as his disability-discrimination claim under the federal Americans with Disabilities Act" and "[t]he facts underlying the state and federal claims were identical.").

Accordingly, I respectfully recommend granting Defendant's motion to dismiss Plaintiff's NYSHRL and NYCHRL claims for lack of subject-matter jurisdiction.

IV. <u>Plaintiff's Claims are Timely and the Court Need Not Make Findings Regarding Willfulness at This Time</u>

Defendant's third point in its renewed motion to dismiss is that Plaintiff did not sufficiently plead willfulness under the FLSA that would make the claims subject to a three-year statute of limitations instead of the general two-year statute of limitations. (Def.'s Renewed Mot. at 4).

11

Although Defendant writes that Plaintiff's claims are "subject to statute of limitations" it is unclear whether Defendant is actually arguing that Plaintiff's claims are not timely. (*Id*.)

The statute of limitations under the FLSA is indeed two years, unless willfulness is found, in which case it is three years. 29 U.S.C.A. § 255 (FLSA actions must be commenced "within two years after the cause of action accrued . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued").

Plaintiff filed this action on December 19, 2019, and worked for Defendant until June 30, 2018, meaning his claim was timely even under the stricter two-year standard. (Compl.; SAC ¶ 1). While a determination related to willfulness might need to be made at a later date to determine how much of Plaintiff's time working for Defendants is covered by his FLSA claim, it is clear that at least some of his work for Defendant took place within two years of him filing his complaint, and the Court need not make any findings related to willfulness at this time. As such, I respectfully recommend denying Defendant's motion to dismiss Plaintiff's claims as untimely.

V. <u>Claims from Initial Motion to Dismiss</u>

    A. <u>Plaintiff's NYLL Wage-Notice Claim Should Be Dismissed</u>

In its original motion, Defendant argues that Plaintiff failed to allege specific facts to support a NYLL wage-notice claim, as that provision only covers employees hired after April 9, 2011. (Def.'s Mot. at 11). In his Second Amended Complaint, Plaintiff alleges he was hired "[d]uring the first week of April 2011[.]" (SAC ¶ 8).

The wage-notice provision of the NYLL, also known as the Wage Theft Prevention Act ("WTPA"), NYLL § 195(1)(a), "does not apply retroactively." *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 510 (S.D.N.Y. 2017), *aff'd*, 752 F. App'x 33 (2d Cir. 2018). "Thus, 'an employee

12

who began working before the WTPA took effect on April 9, 2011, may not bring a claim for an employer's failure to provide wage notices.'" *Id.*, (quoting *Canelas* v. *A'Mangiare Inc.*, No. 13 Civ. 3630 (VB), 2015 WL 2330476, at *5 (S.D.N.Y. May 14, 2015).

Since Plaintiff began working for Defendant during the first week of April 2011, he necessarily commenced his employment before the wage-notice provision went into effect on April 9, 2011. Accordingly, Plaintiff is not covered by NYLL's wage-notice provision, and I respectfully recommend that his wage-notice claim be dismissed. *See Elvey v. Silver's Crust W. Indian Rest. & Grill, Inc.*, No. 18-CV-126 (FB) (VMS), 2019 WL 3937126, at *12 (E.D.N.Y. July 3, 2019) ("Plaintiff cannot recover damages based on Defendants' alleged failure to provide him a wage notice at the time of hiring because he was hired . . . prior to the April 9, 2011 effective date of the WTPA.").

### B. Defendant's Remaining Arguments Are Moot

Defendant made several arguments in its initial motion to dismiss that have been rendered moot by Plaintiff's revised pleadings and the above recommendations. First, Defendant argued that Plaintiff's FLSA claims should be dismissed for failure to plead individual or enterprise coverage under the FLSA. (Def.'s Mem. at 3–6). As discussed above, Plaintiff clearly pleads enterprise coverage in the Second Amended Complaint (SAC ¶¶ 43–52), and this argument is now moot, as are Defendant's related arguments that the NYLL claims should be dismissed following the dismissal of the FLSA claims (Def.'s Mem. at 9).

Second, Defendant argues Plaintiff fails to state a claim under Section 220 of the NYLL "because Plaintiff has failed to allege any applicable public work contract or that a prior

13

administrative determination was rendered." (Def.'s Mem. at 12). The Second Amended Complaint does not include claims under Section 220, so this argument is also moot.

Third, the Court does not have subject-matter jurisdiction over Plaintiff's NYHRL and NYCHRL claims, so Defendant's arguments about pleading deficiencies related to those claims (Def.'s Mem. at 13–17), are moot as well.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the Court grant Defendant's motion to dismiss Plaintiff's NYSHRL and NYCHRL claims for lack of subject-matter jurisdiction and dismiss Plaintiff's wage-notice violation claim under the NYLL, but deny Defendant's motions as to all other claims.

Defendant's counsel is hereby directed to serve copies of this Report and Recommendation upon Plaintiff by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Eric R. Komitee within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED

_____
RAMON E. REYES, JR.
United States Magistrate Judge
Dated: July 28, 2022
        Brooklyn, NY

14